IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EUGENIA VALLEY, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL SOLAR POWER PARTNERS, LLC ; JOHN DOE, RICHARD DOE, JANE DOE; ABC INSURANCE COMPANY,**<br><br>Defendants. | CIVIL CASE NO.<br><br>Plaintiff Demands Trial By Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the plaintiff, Eugenia Valley, Inc. (hereinafter referred as "Eugenia Valley"), by its undersigned attorneys, and before this Honorable Court respectfully alleges and prays:

1. Plaintiff Eugenia Valley is a corporation organized and existing under the laws of Puerto Rico, with its principal place of business in San Juan, Puerto Rico.

2. Defendant National Solar Powers Partners, LLC (hereinafter referred to as "National Solar") is a limited liability company organized under the laws of the State of Florida, with its principal place of business in Melbourne, Florida.

3. Listed among the defendants are several "John Doe" defendants. These are fictitious names for real persons whose identities are not presently known, but that might be liable for the acts and damages alleged in the Complaint. Their inclusion in this Complaint does

not affect the jurisdiction of the Court and their names will be substituted (or dismissed) with their real names as soon as the true identity of these persons has been made known through discovery.

4. Defendant ABC Insurance Company is an insurance carrier that has issued insurance coverage in favor of defendant, insurance coverage that was in effect at the time the parties signed and executed the Letter of Intent and the Real Estate Purchase and Royalty Agreement on September 12 and December 5, 2014, respectively.

5. Pursuant to the laws of Puerto Rico, an insurance carrier is liable and may be sued for the negligent and/or willful acts of its insured. 26 L.P.R.A. §2001.

6. Pursuant to 26 L.P.R.A. §2003, a plaintiff may bring a complaint against the insurance company independently or together with a complaint against the insured.

7. This Honorable Court has jurisdiction over the parties and subject matter to the lawsuit under 28 U.S.C. §1332, because all the parties on either side of the controversy are of diverse citizenship and the amount in controversy exceeds, exclusive of interests and costs, the sum of Seventy Five Thousand dollars ($75,000.00).

8. On September 12, 2014, National Solar offered a Letter of Intent to Eugenia Valley to purchase 197 acres of land owned by Eugenia Valley, in Añasco, Puerto Rico, for the development of a Solar Energy Project through the successful negotiation of a Power Purchase Agreement with the Puerto Rico Electric Power Authority ("PREPA").

9. Among the terms of the Letter of Intent executed by the parties, National Solar had to provide a Two Hundred Thousand dollars ($200,000.00) deposit towards the purchase of the land of which Fifty Thousand dollars ($50,000.00) was a non-refundable deposit to Seller (Eugenia Valley) and One Hundred and Fifty Thousand dollars ($150,000.00) were to be

deposited in an escrow account for the benefit of Seller (Eugenia Valley) if the Buyer failed to close the purchase once it had obtained the required permits, consents, and agreements to develop the Project, which National Solar agreed to secure "in a most expeditious manner. The $150,000.00 deposit was to be paid to Seller (Eugenia Valley) if National Solar did not pursue expeditiously and in good faith the consents, permits, and agreements for a period longer than sixty (60) days after the signature of the Real Estate Purchase and Royalty Agreement.

10. On December 5, 2014, Eugenia Valley and National Solar signed and executed a Real Estate Purchase and Royalty Agreement (hereinafter referred to as "the Agreement") for the purchase of the above mentioned parcel of real property in Añasco, Puerto Rico, for the development of the Solar Energy Project, object of the September 12, 2014 Letter of Intent.

11. Pursuant to Clause Number 2 of the Agreement, the Two Hundred Thousand dollars ($200,000.00) had to be delivered by National Solar to Eugenia Valley upon execution of the Real Estate Purchase and Royalty Agreement, that is, on December 5, 2014.

12. As of today, National Solar has not complied with its obligation to provide seller with a non-refundable deposit of Fifty Thousand Dollars ($50,000.00) and with its obligation to deposit in an escrow account One Hundred Fifty Thousand Dollars ($150,000.00) for the benefit of Seller, Eugenia Valley, in the event that Buyer cannot, for any reason, secure the permits, consents, and agreements required for the development of a Solar Energy Project or did not pursued expeditiously and in good faith the necessary permits for the Project.

13. Moreover, despite its obligation to secure, within sixty (60) days, at its sole cost and expense and in a most expeditious manner the consents, permits, and agreements necessary to develop the Solar Energy Project, co-defendant National Solar has failed to comply with its obligations and has not pursue nor obtained the necessary consents and permits necessary to

develop the Solar Energy Project object of the Agreement.

14. Due to National Solar non-compliance with the terms of the Agreement, Eugenia Valley is entitled to receive from co-defendants the non-refundable deposit of $50,000.00 and the $150,000.00 escrow account deposit since National Solar has not secured the permits, consents, and agreements necessary for the development of the Project nor has acted expeditiously or in good faith to obtain the necessary permits for the Solar Energy Project.

15. Plaintiff has demanded and requested from defendants on various occasions the payment of the $50,000.00 non-refundable deposit and of the $150,000.00 escrow account deposit, but defendants have failed to deliver the above mentioned amounts despite plaintiff's efforts to collect the money.

16. Plaintiff has also suffered damages in an amount estimated to be no less than $250,000.00 for the failure of National Solar to purchase the real estate property located in Añasco, Puerto Rico, object of the Agreement executed by the parties.

17. Pursuant to the laws of Puerto Rico, a party who is obstinate is required to pay the prevailing party reasonable attorneys' fees.

18. Pursuant to the laws of Puerto Rico, a party defendant adjudged obstinate is also liable for pre-judgment interests from the time of the filing of the judicial demand.

19. The defendants have been obstinate herein.

WHEREFORE, plaintiff demands judgment of the defendants, jointly and severally, in the sum no less than Four Hundred Fifty Thousand dollars ($450,000.00), together with interests from the date of the filing of this Complaint, plus costs and attorneys' fees.

Respectfully submitted.

In San Juan, Puerto Rico, this 11th day of March, 2015.

WE HEREBY CERTIFY: That the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*s/Andrés Guillemard-Noble*
**Andrés Guillemard-Noble**
**USDC-PR 207308**
aguillemard@guillemardlaw.com

*s/Giselle Colón*
**Giselle Colón**
**USDC-PR 208013**
gcolon@guillemardlaw.com

**NACHMAN & GUILLEMARD**
Attorneys for Plaintiff
P.O. Box 9949
San Juan, Puerto Rico 00908
Tel. (787) 724-1212
Fax (787) 725-1339